**UNITED STATES of America, Plaintiff,**

v.

**REAL PROPERTY LOCATED AT 12921 TREELINE AVENUE, FORT MYERS, LEE COUNTY, FLORIDA 33913 Together With All Improvements and Appurtenances Thereto, etc., Defendant.**

No. 92–216–CIV–FTM–17D.

United States District Court,
M.D. Florida,
Fort Myers Division.

Nov. 12, 1993.

**1174**

See also 837 F.Supp. 1175.

Robert P. Barclift, U.S. Attys. Office, M.D. Fla., Paul E. Liles, O'Halloran, Johnson & Waltemyer, Ft. Myers, FL, for U.S.

John Ochs Terry, Terry & Terry, Ft. Myers, FL, for claimant Bill Fussell, Lee County Tax Collector.

Diane Gederian, pro se.

Armen Gederian, pro se.

Walter S. Pesetsky, pro se.

Robert M. Fizer, Ft. Myers, FL, trustee for 80 A.C. South Land Trust.

Jeffrey B. Freeman, LaBelle, FL, trustee.

### ORDER ON ATTORNEY AD–LITEM'S MOTION REGARDING FEES

KOVACHEVICH, District Judge.

This cause is before the Court on Attorney Ad–Litem, Paul E. Liles', motion regarding fees filed July 1, 1993, and response thereto, by Plaintiff, United States of America, filed August 3, 1993 (Docket Nos. 35 & 40).

The movant was appointed as Attorney Ad–Litem in this case, on June 8, 1993, to investigate the whereabouts and interests of Hugo J. Paez, Trustee, his spouse, if married, and heirs, if deceased, in the defendant property. This appointment was made at the request of Plaintiff, which stated that it would be willing to pay reasonable costs and attorney's fees for the Attorney Ad–Litem out of the proceeds from the sale of the defendant property.

The movant finds Plaintiff's arrangement to be acceptable, in the event that the property is sold, and states that he is willing to accept $125.00 per hour as the fees for his services. However, he adds that Plaintiff has failed to establish the priority for payment of his costs and fees and the means of payment in the event of a deficiency.

The movant now requests that this Court enter an order authorizing his reasonable costs and fees to be paid from the proceeds of the sale of the defendant property, if sold, and determining his priority for payment. Alternatively, he requests, that his reasonable costs and fees be considered an expense of and to be paid by the United States Marshall. The United States Attorney has responded that it has no objection to this motion.

The Court, after reviewing the motion regarding fees and the response thereto, has concluded that the fee and cost arrangement between Plaintiff and Attorney Ad–Litem, Paul Liles, should be upheld. The Attorney Ad–Litem was appointed at the request of Plaintiff and as such, Plaintiff must bear the responsibility of paying his reasonable fees and costs. Plaintiff has expressed its willingness to pay Mr. Liles out of the proceeds from the sale of the defen-

dant property and this Court finds no reason to disturb this arrangement. Additionally, it is the responsibility of Plaintiff to determine, through its working relationship with the Attorney Ad–Litem, when payment of the subject fees and costs will be made. It would not be proper for the Court to make a determination as to the priority such payment should be given.

Finally, the Court finds the movant's alternative request, that the United States Marshall pay his fees and costs, unfounded. The movant has failed to present any legal authority in support of this request and the Court has found no such authority to support such a request. The United States Attorney instituted this action and sought the appointment of the Attorney Ad–Litem, therefore, it would be inappropriate to place responsibility for payment of the Attorney Ad–Litem's fees and costs on the United States Marshall. Accordingly, it is

**ORDERED** that the movant's motion for Attorney Ad–Litem's costs and fees to be paid from the proceeds of the sale of defendant property, if sold, be **granted,** that his motion for a determination of his priority for payment be **denied,** and that his motion for costs and fees to be paid by the United States Marshall be **denied.**

**DONE AND ORDERED.**